UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRANDON STONE, <br><br> Plaintiff, <br><br> v. <br><br> ARAMARK, INC., et al., <br><br> Defendants. | CAUSE NO. 3:20-CV-428-JD-MGG |

OPINION AND ORDER

Brandon Stone, a prisoner without a lawyer, filed an amended complaint against two defendants. ECF 44. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however, inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his amended complaint, Stone asserts essentially the same facts as he asserted in his original complaint. When Stone arrived at the Westville Correctional Facility in August 2019, he requested and was placed on a Kosher diet because of his Jewish faith. ECF 44 at 2. However, Stone asserts that from August 2019, to October 2019, Aramark Supervisor Jason English deliberately removed him from the list to receive Kosher meals. *Id*. He states that English removed him from the list in an effort to deprive him of

his right to exercise his religion. *Id*. As a result of being removed from the Kosher meals list, Stone claims he suffered from severe mental and spiritual distress. *Id*.

Prisoners have a right to exercise their religion under the Free Exercise Clause of the First Amendment. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). However, prison officials may restrict the exercise of religion if the restrictions are reasonably related to legitimate penological objectives, which include safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). Furthermore, the Equal Protection Clause and the Establishment Clause prohibit a defendant from treating members of some religious faiths more favorably than others without a secular reason. *See Cruz v. Beto,* 405 U.S. 319, 322-23 (1972); *Nelson v. Miller,* 570 F.3d 868, 880-82 (7th Cir. 2009). "The rights of inmates belonging to minority or non-traditional religions must be respected to the same degree as the rights of those belonging to larger and more traditional denominations." *Al-Alamin v. Gramley*, 926 F.2d 680, 686 (7th Cir. 1991). While Stone alleges that English intentionally removed him from the Kosher meals list from August 2019, to October 2019, his allegations are speculative, and he has failed to assert any facts that support his conclusory allegations.[1] Therefore, he may not proceed against English on this claim.

---

[1] In his original complaint, Stone asserted that English removed him from the list to receive Kosher meals because he did not believe Stone should be included on that list. ECF 25 at 1-2. After Stone filed a grievance about the situation, on October 8, 2019, a prison officer spoke with English and Stone was placed back on the special diet list. *Id*. at 2. On October 29, 2019, Stone received a response to his formal grievance, which stated: "Per Mr. English this was an accidental omission when transferring names from the central office master list to the WCU list. From now on, the master list will be used for all special diets." *Id*.

Stone next asserts that from August 2019, to April 2020, the Kosher meals he was served often contained spoiled or rotten food and were incomplete because they were missing food items. ECF 44 at 2. On several occasions the spoiled food caused him to have food poisoning, stomach pain, vomiting, and diarrhea. *Id*. Each bout of illness was accompanied by excruciating pain that lasted for seven or more days. *Id*. Stone claims that English was responsible for the spoiled Kosher meals because he was personally and directly involved in preparing meals that were served to Jewish inmates. *Id*. at 2-3.

In evaluating an Eighth Amendment conditions of confinement claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

3

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference"). Giving Stone the inferences to which he is entitled at this stage, he states a plausible Eighth Amendment claim against English for deliberately preparing Kosher meals containing spoiled or rotten ingredients from August 2019, to April 2020.

Stone has also sued Aramark alleging that it violated his Eighth Amendment rights because it has a policy or practice of serving Jewish inmates with spoiled Kosher meals or non-Kosher food. ECF 44 at 3. To pursue a claim under Section 1983 against a corporate entity, a plaintiff must show that his injury was the result of that corporate entity's official policy, practice, or custom. *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). There is no factual content in the amended complaint from which it can be plausibly inferred that Aramark has an official policy or practice of serving spoiled or rotten Kosher meals or non-Kosher food items to Jewish inmates. Therefore, Stone will not be permitted to proceed against Aramark.

Stone further avers that his rights were violated because Indiana Department of Correction ("IDOC") policy mandates that "[p]rison officials . . . must provide inmates with enough calories to maintain their strength . . . [and] must comply with basic sanitary standards in the preparation of food." ECF 44 at 3. "However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this

4

case, departmental regulations." *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003). Therefore, Stone has not stated a claim.

Stone next asserts that English and Aramark discriminated against him on the basis of his Jewish faith because there were unreasonable delays in receiving his Kosher meals and, at times, he was served non-Kosher meal sacks. ECF 44 at 3. For example, on December 25, 2019, he alleges that, because English chose not to make Kosher meals that day, he did not get fed until late that night and was given a non-Kosher emergency meal sack. *Id*. Stone also asserts there were other instances where his meal trays were delayed by five hours, but he provides no further details. *Id*. Thus, Stone asserts English and Aramark violated his Fourteenth Amendment rights because he received his meal trays hours later than other non-Jewish inmates.

The Equal Protection Clause of the Fourteenth Amendment protects prisoners from invidious discrimination. *Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019) (citing *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)). To state such a claim, a prisoner must allege that the "defendants intentionally treated him differently because of his race . . . ethnicity, sex, religion, or other proscribed factor . . . ." *Id*. at 719–20 (citing *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760 (7th Cir. 2016)); *see also David K. v. Lane*, 839 F.2d 1265, 1271–72 (7th Cir. 1988) (collecting cases and noting discrimination must be intentional, purposeful, or have a discriminatory motive). Thus, Stone must show "the decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group." *Id*. Because Stone has not alleged facts that show either English or

5

Aramark intentionally discriminated against him by serving Kosher meals later than non-Kosher meals or by serving meal sacks when necessary, he may not proceed on this claim.

Furthermore, Stone asserts that the defendants violated his rights under Article 1, Section 23 of the Indiana Constitution, which provides: "The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms, shall not equally belong to all citizens." ECF 44 at 3. However, "no Indiana court has explicitly recognized a private right of action for monetary damages under the Indiana Constitution." *Watts v. Reynolds*, No. 2:19-CV-25-TLS-JEM, 2019 WL 5294525, at *6 (N.D. Ind. Oct. 17, 2019) (*quoting Smith v. Ind. Dep't of Corr.*, 871 N.E.2d 975, 985 (Ind. Ct. App. 2007)). Therefore, he cannot proceed on this claim.

As a final matter, Stone asserts a claim against the defendants under Indiana Code § 11-11-5-4(6), which states: "The department [of correction] may not impose the following as disciplinary action: . . . (6) A deviation from the diet provided to other committed persons in that facility or program." Ind. Code § 11-11-5-4(6). However, Stone does not allege in his amended complaint that he was subjected to disciplinary action. Therefore, he will not be permitted to proceed on this claim.

For these reasons, the court:

(1) GRANTS Brandon Stone leave to proceed against Jason English in his individual capacity for compensatory and punitive damages for deliberately preparing Kosher meals containing spoiled or rotten ingredients from August 2019, to April 2020, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Aramark, Inc.;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Jason English at Westville Correctional Facility, with a copy of this order and the amended complaint (ECF 44);

(5) ORDERS Aramark, Inc. to provide the full name, date of birth, and last known home address of the defendant if he does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Jason English to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on January 13, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT