UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRANDON STONE,

      Plaintiff,

      v.                              CAUSE NO. 3:20-cv-428-MGG

JASON ENGLISH,

      Defendant.

OPINION AND ORDER

Brandon Stone, a prisoner without a lawyer, is proceeding in this case "against Jason English in his individual capacity for compensatory and punitive damages for deliberately preparing Kosher meals containing spoiled or rotten ingredients from August 2019, to April 2020, in violation of the Eighth Amendment[.]" ECF 45 at 6. English filed a motion for summary judgment. ECF 88. Stone filed a response, and English filed a reply. ECF 94, 97. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the

outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id*. To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit . . . ." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

In evaluating an Eighth Amendment conditions of confinement claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006).

On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. Deliberate indifference is a high standard, and is "something approaching a total unconcern for a prisoner's welfare in the face of serious risks," or a "conscious, culpable refusal" to prevent harm. *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). "Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless." *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even incompetence does not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000).

English provides an affidavit, in which he attests to the following facts: English is employed as the Food Service Director at Westville Correctional Facility ("WCF"), where he oversees the production of all daily meals, including Kosher meals. ECF 92-1 at 2. English ensures the meals served to WCF inmates comply with nutritional guidelines and are prepared and served under conditions that do not present a danger

3

to the health or well-being of the inmates. *Id.* at 3. Between December 2019 and January 2020, English received a number of informal grievances from Stone regarding the quality of his food. *Id.* at 4. In response to these grievances, English reviewed the sample trays kept for each Kosher meal to determine if the food was spoiled or improperly prepared. *Id.* If any of the meals had been spoiled or improperly prepared, English would have taken steps to correct it. *Id.* On the dates Stone said his food items were spoiled, English did not find anything wrong with the sample trays. *Id.* If an inmate has a problem with a food tray, prison staff is instructed to provide the inmate with a replacement tray. *Id.* at 5.

English argues summary judgment is warranted in his favor because there is no evidence he was deliberately indifferent to Stone's complaints regarding spoiled or rotten food. ECF 89 at 8-10. Specifically, English argues the undisputed facts show he responded to each of Stone's complaints by checking the sample tray to ensure nothing was wrong with the food, and that he provided replacement trays to prison staff in the event that a tray was inadequate. *Id.*

In his response, Stone argues English was deliberately indifferent because he was "negligent in his duties" and served him approximately seventeen meals that contained spoiled or rotten food. ECF 94; ECF 94-1 at 1-3. However, even accepting as true that English was negligent in his duties, this does not show deliberate indifference. *See Pierson*, 391 F.3d at 902. Rather, Stone must provide evidence English acted with a "total unconcern" for his welfare or a "conscious, culpable refusal" to prevent harm. *See Duane*, 959 F.2d at 677.

4

Here, there is no evidence by which a reasonable jury could conclude English was deliberately indifferent to Stone's complaints of spoiled or rotten food. Specifically, Stone does not dispute that English responded to his complaints of spoiled food by checking the sample trays and ensuring the food was adequate. Moreover, Stone does not dispute that English provided replacement trays to custody staff in the event that a food tray contained spoiled food or was otherwise inadequate. Stone does attest that custody staff refused to provide him replacement trays (ECF 94 at 2), but he provides no evidence English was ever made aware of that fact. Stone attests he wrote letters to English regarding the spoiled food he received (ECF 94 at 2), but he provides no evidence those letters informed English of custody staff's refusal to provide replacement trays. Accordingly, because it is undisputed English responded to Stone's complaints by ensuring the sample trays did not contain spoiled or rotten food, and there is no evidence English was aware custody staff had refused to provide Stone with replacement trays, no reasonable jury could conclude English acted with a "total unconcern" for Stone's welfare.

For these reasons, the court:

(1) GRANTS Jason English's motion for summary judgment (ECF 88); and

(2) DIRECTS the clerk to enter judgment in favor of Jason English and against Brandon Stone and to close this case.

SO ORDERED on April 10, 2023

                                              s/Michael G. Gotsch, Sr.
                                              Michael G. Gotsch, Sr.
                                              United States Magistrate Judge